504

Iqwal Singh DHAMI, Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–73366.
Agency No. A79–594–585.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.**

Decided April 13, 2005.

Iqwal Singh Dhami, Milpitas, CA, pro
se.

Jaspreet Singh, Roman & Singh, LLP,
Jackson Heights, NY, Regional Counsel,
Western Region Immigration & Natural-
ization Service, Laguna Niguel, CA, Luis
E. Perez, Esq., Sergio A. O'Cadiz, DOJ—
U.S. Department Of Justice, Civil Div./Of-
fice of Immigration Lit., Washington, DC,
for Respondent.

Before KOZINSKI, HAWKINS, and
CLIFTON, Circuit Judges.

MEMORANDUM***

Iqwal Singh Dhami, a native and citizen
of India, petitions for review of the deci-
sion of the Board of Immigration Appeals
("BIA") affirming an Immigration Judge's
("IJ") denial of his application for asylum,
withholding of removal, and relief under
the Convention Against Torture. We have

---

* Alberto Gonzales is substituted for his prede-
  cessor, John Ashcroft, as Attorney General of
  the United States, pursuant to Fed. R.App. P.
  43(c)(2).
** The panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as provided by
  Ninth Circuit Rule 36–3.

jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the IJ's decision. Dhami's testimony regarding his political associations, police contacts, and purported medical treatment for alleged beatings was either internally inconsistent, vague, or conflicted with documentation presented at the hearing. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir. 2000). In addition, we agree with the IJ that Dhami failed to establish his identity, particularly in light of his own testimony indicating that corroborating evidence on this issue was easily available to him. *Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001).

■ Because Dhami did not testify credibly on matters significant and relevant to his asylum claim, he was properly found ineligible for asylum. *See Lata,* 204 F.3d at 1245; *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Dhami waived his CAT claim because he failed to argue it in his brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**